Judge Underwood
delivered the opinion of the Court.
Lewis Craig purchased from James Barbour, his interest in an entry for 10,000 acres of ]anc| Barbour obtained judgment against L. Craig, for the purchase money unpaid, and he replevied, with John Craig, the plaintiff in error, as his surety, j0fon Craig files this bill, to be relieved from his liability, upon the ground that L. Craig had been indulged until he had become insolvent, without the consent of the plaintiff in error, and that Barbour had been paid the amount of his judgments, by L. Craig’s vendees, they having bought of L. Craig, the laud which Barbour sold to him, and were, as alleged, bound by their contract, to satisfy Barbour. L. Craig’s vendees, who are made defendants, insist that the lands which they purchased of him are not the same which he purchased of Barbour, and that they had been compelled to repurchase the lands sold them by L. Craig, from Robert Johnson, and they claim the right to collect the money originally due Barbour, as his equitable assignees., It may be inferred from the allegations of the bill, connected with the statements made in the answers of the defendants, Ewing and Shrieve, that they paid considerable sums to Bar-hour for L. Craig, under their contract with him. It is clear, that if Ewing and Shrieve satisfied the judgments against L* Craig, in favor of Barbour, in pursuance of a contract made with L. Craig, that John Craig, the surety, is not responsible. If that be the correct state of facts, the replevin bond has been discharged. It cannot be resuscitated by the discovery that L. Craig had sold land to which he was not entitled. But it is unnecessary to comment on the merits of the case. The proper parties were not before the court, and the case was not well prepared, so as to present clearly, the nature of the entire transaction. Barbour was an indispensable party, and it does not appear that he was ever before the court, by the serr vice of process, the insertion of an order of publication, according to law, or the filing of an answer. *221 The court dissolved the injunction and dismissed the bill absolutely. This was erroneous. The bill should have been dismissed without prejudice.
Triplett, for plaintiffs; Hoggin, for defendants,
For this cause, the decree is reversed and the cause remanded, when the circuit court will exercise its discretion, in permitting the complainant to bring the proper parties before the court, or dismiss the bill without prejudice.
The plaintiff in error must pay his costs in this court, because of his error in failing to bring the parties before the court.